**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH F., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-3348 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Elizabeth F.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 13] is GRANTED and Defendant's motion for summary judgment [Dkt. 14] is DENIED; the Court hereby remands this matter for further proceedings.

**I.      Procedural History**

In February 2022, Plaintiff filed separate applications for both DIB and SSI, each alleging disability beginning July 31, 2019. [Administrative Record ("R.") 15.] On April 26, 2024, an Administrative Law Judge ("ALJ") issued an unfavorable decision after holding an Administrative Hearing. [R. 15-27.] The Appeals Council denied Plaintiff request for review [R. 1-6], rendering the ALJ's April 26, 2024 decision as the final decision of the Commissioner. 20 C.F.R. §404.981. The

---

[1]     In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]     "Plaintiff's Brief in Support of Reversing and Remanding Commissioner's Decision" [Dkt. 13] has been construed as a motion for summary judgment by the Court, as has "Defendant's Memorandum in Support of Motion for Summary Judgment" [Dkt. 14].

Court will not summarize the ALJ's December 26, 2023 written decision here. Plaintiff has filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

## II.     Social Security Regulations and Standard of Review

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)). While reviewing a Commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019); *see also Tremayne G. v. O'Malley,* No. 21-cv-1541, 2024 WL 1214753, at *2 (N.D. Ill. Mar. 21, 2024) ("Even when there is adequate evidence in the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not build an accurate and logical bridge from the evidence to the conclusion.") (signals and citation omitted).

## III.     Discussion

In the instant matter, Plaintiff alleges several grounds for remand, one of which is that the ALJ improperly addressed the issue of off-task time in his opinion where he questioned the vocational expert ("VE") about the impact of Plaintiff being off-task up to 20% of the workday and then simply

2

ignored the VE's response that an individual who is off-task more than 15% of the work day is "going to end up getting terminated from employment" because of this off-task time. [Dkt. 13 at 7 (referencing R. 59-60); Dkt. 19 at 3.] The Court finds this alone a basis for remand.

"In posing a particular hypothetical, an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations as posed to the VE." *Kimberly N. v. Saul*, No. 20-cv-2029, 2021 WL 1688173, at \*5 (N.D. Ill. Apr. 29, 2021). However, as the Seventh Circuit has made clear, an ALJ's hypotheticals "describe the *claimant's* conditions and limitations." *Simila v. Astrue*, 573 F.3d 503, 520 (7th Cir. 2009) (emphasis added); *see also*, *Gregory W. v. Saul*, No. 19-cv-6848, 2020 WL 4816075, at \*5 (N.D. Ill. Aug. 18, 2020) (collecting cases for the proposition that an ALJ *does* consider a particular limitation specifically by asking a VE to consider that limitation in rendering opinions). Therefore, an ALJ's questions to a VE must not be mere hypotheticals "conjured out of whole cloth" with no relation to the claimant at hand. *Kimberly N.*, 2021 WL 1688173, at \*5, n. 8 (citing *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002) in noting that "it would frustrate the whole purpose of posing hypotheticals to VE's if an ALJ's questions were 'conjured out of whole cloth' with no relation to the claimant at hand."). The purpose of questioning a vocational expert "is to assess whether jobs exist for a person with the claimant's precise disabilities," not to make up unrelated questions to "test[] the contours of an RFC that is permissible as compared to one that would force an ALJ to declare a given claimant disabled." *Gilliam v. Califano*, 620 F.2d 691, 694 (8th Cir. 1980); *Sabrije K. v. Bisignano*, No. 25-cv-3623, 2026 WL 540182, at \*2 (N.D. Ill. Feb. 26, 2026). Yet it is not that every hypothetical about the claimant to the VE must be adopted; but courts in this circuit "have found it unacceptable when an ALJ elicits testimony from the vocational expert that certain conditions would prevent employment without then discussing why those hypothetical conditions do not apply." *Enriquez v. Kijkakazi*, 2:22CV76-PPS, 2023 WL 6119908, at \*2 (N.D. Ind. Sept. 18, 2023); *accord Kimberly N.*, 2021 WL 1688173, at \*5

3

(remanding in part because ALJ failed to come to any conclusion regarding the limitations he asked the VE to consider, finding "the logical bridge is entirely missing here with respect to the reasons the ALJ ultimately omitted these limitations from the RFC.").

Here, The ALJ questioned the VE about the impact of being off task for 20% of the workday, apart from normal breaks, which the VE testified would be cause for termination and cause all other work to be excluded. [R. 59-60.] The ALJ then failed to address the applicability (or inapplicability) of this 20% off-task time issue when he left this limitation out of Plaintiff's RFC. [R. 20-24.] The ALJ ultimately determined Plaintiff was not capable of performing her past relevant work but gave examples of representative occupations Plaintiff would be able to perform given the RFC. [R. 25-26.]

The ALJ needed to at least address why he entirely omitted the 20% off-task limitation from the RFC. *See Enriquez*, 2023 WL 6119908, at *2; *Kimberly N.*, 2021 WL 1688173, at *5. While the ALJ did address the record opinions of Curtis Beeman, MA, MCM, PsyD and Davena Beal, PMJH-NP, (a) neither of these individuals discussed a 20% off-task limitation and (b) the ALJ largely categorized these opinions as unhelpful as they contained percentages that did not make mathematical sense (with which the Court agrees). [R. 24-25.] But at least some record evidence likely suggested to the ALJ that Plaintiff might have to be off-task 20% of the workday, or, logically, the ALJ would not have questioned the vocational witness about the impact of this particular limitation. *See, e.g.,* *Decker v. Kijakazi*, No. 1:20-cv-380-JPK, 2022 WL 897421, at *5 (N.D. Ind. Mar. 28, 2022) ("The ALJ's omission is particularly important because the ALJ herself solicited this evidence from the VE, based on a hypothetical that was supposedly tailored to Plaintiff's situation"); *Kimberly N.*, 2021 WL 1688173, at *5 ("it appears the ALJ had reason to believe Plaintiff might require such limitations, or there would be no reason to have posed this hypothetical to the VE."). Here, the Court cannot infer that a 20% off-task time limitation was unnecessary because, indeed, "the ALJ's own hypothetical to the VE indicates []he thought it was." *Decker*, 2022 WL 897421, at *5. The Court cannot discern how

4

the ALJ determined the record evidence did not support an off-task time limitation of 20% where the ALJ affirmatively questioned the VE about the impact of such a restriction upon Plaintiff but then failed to discuss why those hypothetical conditions do not apply to Plaintiff.[3] *See Enriquez*, 2023 WL 6119908, at *2; *Kimberly N.*, 2021 WL 1688173, at *5. The Court cannot let the ALJ's decision stand on this basis.

## IV.     Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. The Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff other than those discussed herein. Plaintiff's motion for summary judgment [Dkt. 13] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 14] is DENIED.

**ENTERED: March 3, 2026**

_____
Hon. Keri L. Holleb Hotaling
United States Magistrate Judge

---

[3]    The Court notes that the RFC does, confusingly, limit Plaintiff to a nonexertional limitation of "simple and detailed but not complex tasks and work-related decisions with the ability to concentrate at that level for two hours at a time…" but fails to specify what happens after the two hours of concentration when, presumably, Plaintiff then would be off task. [R. 20.]